# Exhibit A

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-01748-S2**

**3/25/2022 7:37 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| JACKIE SNOW, as anticipated Administrator of the Estate of her deceased son, DARRYL BAILEY and as guardian of AMAYA BAILEY, and DARIEN BAILEY, minors; JAKIYA BOTHERS as mother and next friend of JAYCE D'MERE BAILEY, a minor; MELISSA OGLETREE, as mother and next friend of JAMARI CHRISTIAN BAILEY, a minor; and NINAE ANDERSON, legal guardian of NATHAN ANDERSON,<br><br>     Plaintiffs,<br><br>v.<br><br>IMPACT BRADFORD, LP; IMPACT BRADFORD, GP, LLC; KITTLE PROPERTY GROUP, INC.; and JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5.<br><br>    Defendants. | Civil Action No. 22-C-01748-S2<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

COME NOW Plaintiffs in the above-styled action and hereby files their Complaint as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1.

Decedent, Darryl Bailey, was not married at the time of his death and was survived by his children, Amaya Bailey, Darien Bailey, Jayce D'Mere Bailey, Jamari Christian Bailey, and Nathan Anderson. All of Darryl Bailey's surviving children are currently minors.

2.

Plaintiff, Jackie Snow, is the legal guardian of Amaya Bailey and Darien Bailey.

3.

Plaintiff, Jakiya Bothers is mother of Jayce D'Mere Bailey, a minor.

4.

Plaintiff, Melissa Ogletree, is mother of Jamari Christian Bailey, a minor.

5.

Plaintiff, Ninae Anderson, is grandmother and legal guardian of Nathan Anderson, a minor.

6.

Plaintiffs bring this case with the intention to bring each and every claim permissible under Georgia law and seeks all special damages, economic losses, medical expenses, funeral expenses, necessary expenses, pain and suffering and all compensatory, special, actual, general, punitive, estate and wrongful death damages permissible under Georgia law. Plaintiffs seek to recover the full value of Darryl Bailey's life under Georgia's wrongful death laws. As the anticipated administrator of the Estate of Darryl Bailey, Plaintiff Jackie Snow also seeks all estate-based damages.

7.

Defendant Impact Bradford, LP ("Impact Bradford" or Defendant") is a limited partnership company organized and registered to do business in Georgia and is the

owner and occupier of the Bradford Gwinnett Apartments, located at or about 100 Castor Dr., Norcross, GA 30071 (the "Premises"). Defendant may be served through its registered agent, Registered Agent Solutions, Inc. at the physical address as listed with Georgia's Secretary of State, 900 Roswell Lakes Pkwy., Suite 310, Roswell, Georgia, 30076.

8.

Jurisdiction and venue are proper as to Defendant Impact Bradford.

9.

Defendant Impact Bradford has been properly served with process in this matter.

10.

Defendant Kittle Property Group, Inc. ("KPGI" or "Defendant") is a foreign profit corporation registered to do business in Georgia and is the property manager for Bradford Gwinnett Apartments. Defendant may be served through its registered agent, Registered Agent Solutions, Inc. at the physical address as listed with Georgia's Secretary of State, 900 Roswell Lakes Pkwy., Suite 310, Roswell, Georgia, 30076.

11.

Jurisdiction and venue are proper as to Defendant KPGI.

12.

Defendant KPGI has been properly served with process in this matter.

13.

Defendant Impact Bradford GP, LLC ("Impact Bradford II" or Defendant") is a limited partnership company organized in the State of Indiana and is the owner and occupier of the Bradford Gwinnett Apartments, located on the Premises. Defendant Impact Bradford II may be served through its registered agent, Jeffrey L. Kittle at 310 East 96th Street, Suite 400, Indianapolis, IN, 46240.

14.

Jurisdiction and venue are proper as to Defendant Impact Bradford II.

15.

Defendant Impact Bradford II has been properly served with process in this matter.

16.

Out of an abundance of caution, Plaintiffs identify JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5 as party defendants.  The true names and capacities, whether corporate, associate, individual or otherwise are unknown to Plaintiffs. Plaintiffs bring claims against said defendants by fictitious names. Each defendant designated as a DOE is legally responsible in some manner for Darryl Bailey's injuries and death under the theories of *respondent superior*, vicarious liability, agency principles, and/or joint and several liability, as outlined in Plaintiffs' Complaint. These DOE Defendants have received such notice of the institution of the action that they will not be prejudiced in maintaining defense on the merits. These DOE Defendants are on notice, and/or should have been on notice,

except that but for a mistake as to the real party, the action would have been brought against them.

## OPERATIVE FACTS AND LEGAL CLAIMS

### 17.

At all times relevant to this Complaint, Defendants owned, operated, controlled, and/or managed the Bradford Gwinnett Apartments, located at or about 100 Castor Dr., Norcross, GA 30071.

### 18.

On or about November 2, 2020 (the "date of incident"), Darryl Bailey was physically present at the Bradford Gwinnett Apartments, located on the Premises).

### 8.

At all times relevant to this Complaint, Defendants owned, operated, controlled, and/ or managed the Premises.

### 9.

Darryl Bailey was an invitee on the Premises on the date of incident.

### 10.

While on the Premises, Darryl Bailey was a victim of aggravated assault, aggravated battery, and was shot with a deadly weapon.

### 11.

Upon information and belief, the perpetrator was a person who did not reside at or in Bradford Gwinnett Apartments.

### 12.

Due to the attack, Darryl Bailey sustained conscious pain and suffering, became aware of his impending death, and died.

13.

At all relevant times and circumstances then existing, Darryl Bailey exercised ordinary care and was an innocent victim.

14.

Defendants breached their duty owed to Darryl Bailey by failing to exercise ordinary care to keep the Premises safe.

15.

Prior to and through the date of incident, Defendants had actual and constructive knowledge of criminal activity existing on the Premises and its approaches and the surrounding area. Said prior criminal activity was negligently permitted to exist and remain on the Premises.

16.

At all times mentioned herein, Defendants controlled the Premises and its management, and had the legal duty to keep the Premises in a state consistent with the due regard of the safety of their residents and invitees, including Darryl Bailey. Defendants breached said duties to Darryl Bailey and failed to act as similarly situated businesses in like circumstances.

17.

Defendants knew of, or with the exercise of due care for the safety of its invitees should have known of, the dangerous and hazardous conditions existing on the

Premises and the failure to maintain, inspect, secure, patrol, and manage the premises and that said conditions were likely to result in the injuries suffered by Darryl Bailey.

18.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the Premises due to the direct knowledge of their employees and agents and due to the prior criminal activity and dangers associated with the Premises and surrounding areas.

19.

Prior to and on the date of incident, Defendants negligently maintained, inspected, secured, patrolled, and managed the Premises. Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the Premises, but failed to exercise ordinary care in executing those actions.

20.

Even though Defendants had actual and constructive knowledge of criminal activity existing on the Premises and in the neighborhood surrounding the Premises prior to the attack on Darryl Bailey, Defendants failed to warn Darryl Bailey of the hazardous conditions on the property.

21.

Defendants negligently failed to maintain adequate security devices to permit proper use of the Premises, thereby causing an unreasonable risk of injury to its

invitees, including Darryl Bailey.

22.

Defendants were and are negligent *per se*.

23.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained the Premises.

24.

Defendants are liable for the shooting of Darryl Bailey. Said shooting was done without necessity, privilege, or consent.

25.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of, the dangerous environment of the Premises, Defendants are liable for the negligent supervision, hiring, training, and retention of its employees and agents, and for the entrustment of the Premises to said agents and employees. Said negligence was the proximate cause of the damages and injuries to Darryl Bailey.

26.

Defendants were negligent and said negligence proximately caused Darryl Bailey' injuries and death in the following ways, to-wit:

a) Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b)  Violation of O.C.G.A. § 44-7-14;

c)  In failing to properly inspect and maintain the premises;

d)  In failing to warn of the latent dangers on the premises;

e)  In failing to properly train and supervise employees in regard to the maintenance and safety of said premises;

f)  In failing in properly retaining, entrusting, hiring, training and supervising said employees;

g)  In failing to inspect, patrol, or appropriately monitor the premises; and

h)  In failing to employ proper security measures in light of the history of the property and high-crime area in which the property is located.

27.

Defendants negligently failed to provide proper security protection, security personnel, or an outside security presence on the property, and negligently failed to employ proper security protections available to Defendant.

28.

Defendants negligently failed to remedy and respond to known criminal activity, loitering, and trespassing on the subject premises, thereby creating an unreasonable risk of crime to invitees, including Darryl Bailey.

29.

Defendants negligently failed to act on knowledge of prior crimes, and the surrounding high-crime area, and failed to act to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said

property.

30.

Defendants negligently represented to their invitees, including Darryl Bailey, that the property at issue was properly maintained and that the Premises were safe.

31.

Defendants failed to take appropriate action to remedy or reduce the danger to invitees, including Darryl Bailey, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

32.

Defendants' negligence was a cause in fact and a proximate cause of Darryl Bailey's injuries and death.

33.

Plaintiffs' claim damages for his wrongful death, representing the full value of his life, economic and intangible, to himself had he lived. Plaintiffs seek all wrongful death damages permitted under Georgia law in an amount to be determined by the enlightened conscious of a fair and impartial jury.

34.

Plaintiff Jackie Anow, as the anticipated administrator of the Estate of Darryl Bailey, claims general damages for all the elements of the personal injuries, conscious physical and mental pain and suffering, mental anguish, medical expenses, and all other injuries and damages endured by Darryl Bailey prior to his death proximately caused by the November 2, 2020, incident at issue. Plaintiff seeks all estate-based

damages permitted under Georgia law in an amount to be determined by the enlightened conscious of a fair and impartial jury.

35.

As a proximate and foreseeable result of the Defendants' negligence, decedent Darryl Bailey received serious injuries, endured conscious pain and suffering, mental anguish, became aware of his impending death, loss of the enjoyment of life, lost wages, wrongful death, and suffered other damages as will be proven at trial and permitted under Georgia law. Plaintiffs, as surviving children, are entitled to recover the full value of the life of Darryl Bailey for his wrongful death and all other elements of damages allowed under Georgia law. Plaintiffs intend to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal and physical injuries;

b) Pain and suffering;

c) Lost past, present, and future wages;

d) Medical expenses;

e) Mental anguish and emotional distress;

f) Incidental expenses;

g) Funeral expenses;

h) Wrongful death;

i) Consequential damages to be proven at trial; and

j) All estate and wrongful death damages permitted under Georgia law.

36.

Each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above-stated acts were the proximate cause of the injuries to Darryl Bailey. Defendants are liable for Darry Bailey's injuries sustained, pain and suffering, the cost of treatment, death, and all other elements of damages allowed under the laws of the State of Georgia.

37.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care, which would raise the presumption of a conscious indifference to consequences and/or a specific intent to cause harm.

38.

Because Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense, Plaintiffs are entitled to recover all necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action. (O.C.G.A. §§ 13-6-11 and 9-11-68). Furthermore, Plaintiffs are entitled to all expenses of litigation and attorneys' fees pursuant to all other Georgia statutory and common laws.

WHEREFORE, Plaintiffs prays that:

a) Process issue and the Defendants be served as provided by law;

b) They have trial by jury;

c) They be awarded general, special, compensatory, incidental, consequential, wrongful death, punitive and all other permissible damages in accordance with the enlightened conscience of an impartial jury;

d) For attorneys' fees and costs of litigation in an amount which will be proven through the evidence at the time of trial;

e) They be awarded interest and costs; and

f) They be awarded such other and further relief as this Court deems just and proper and permitted under Georgia law.

TRIAL BY JURY IS HEREBY DEMANDED

Dated: March 25, 2022.

PIASTA NEWBERN WALKER, LLC

/s/ Andrew Hagenbush
Christopher B. Newbern
Georgia Bar No. 314463
Andrew Hagenbush
Georgia Bar No. 127945

3301 Windy Ridge Parkway
Suite 110
Atlanta, Georgia 30339
(404) 996-1296
chris@pnwlaw.com
andrew@pnwlaw.com

THE MURRAY LAW FIRM

/s/ Mark E. Murray
Mark E. Murray
Georgia Bar No. 532002

2233 Peachtree Road NE
The Astoria 306
Atlanta, Georgia 30309